UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Plaintiffs,

v.

AUTO ENTERPRISES, INC., WILLIAM
LUTHER, and PHILIP TRUPIANO,

        Defendants.                   Case No. 99-75615
_____/
                                       Honorable Patrick J. Duggan
AUTO ENTERPRISES, INC.,

        Counter-Plaintiff,

v.

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Counter-Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFFS/COUNTER-DEFENDANTS'
MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER
DATED NOVEMBER 10, 2005, AND/OR CERTIFICATION OF ISSUES FOR
APPEAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 14, 2005.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On November 29, 2004, Counter-Defendants Acura-West and Gregory Leon

(collectively "Acura-West") filed a motion for summary judgment with respect to Counter-Plaintiff Auto Enterprises' claim alleging a violation of Section 1962(c) of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c)– the only claim now remaining in this prolonged lawsuit.  In its motion, Acura-West argued that it was entitled to summary judgment based *inter alia* on the Court's decision in the first trial in this case to grant a directed verdict against Auto Enterprises with respect to its fraud claim against Acura-West.

On November 10, 2005, the Court issued an opinion and order denying Acura-West's motion for summary judgment, finding that Auto Enterprise  presented evidence of a direct misrepresentation by Acura-West to Auto Enterprises.  Acura-West filed a motion for reconsideration on November 21, 2005, contending that the Court's decision contradicts its ruling at the first trial.  Alternatively, Acura-West asks the Court to certify for immediate appellate review its November 10 decision with respect to the summary judgment motion, as well as with respect to the Court's decision on the same date regarding collateral estoppel and comity.

## Motion for Reconsideration

"Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Local Rule 7.1(g). Rule 7.1(g) further provides that "[a] movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the

defect will result in a different disposition of the case." *Id*. Acura-West presents the same issues in its motion for reconsideration that it raised in its motion for summary judgment. However, because the Court did not explain in its opinion and order why it was rejecting Acura-West's "law of the case" argument, it will do so now.

When this case first went to trial in December 2003, the parties had pending counterclaims alleging fraud/misrepresentation and violations of RICO. At the close of proofs, the Court directed a verdict in favor of Acura-West with respect to Auto Enterprises' fraud claim, finding no evidence of a misrepresentation by Acura-West directly to Auto Enterprises. Finding no evidence of a direct misrepresentation by Auto Enterprises to Acura-West, the Court also directed a verdict in Auto Enterprises' favor with respect to Acura-West's fraud claim. Although the parties' RICO claims also were premised on fraud (specifically mail or wire fraud), Auto Enterprises represented to the Court that prior case law indicated that a misrepresentation to a third party (in this case the Canadian Government) was sufficient to prove fraud as a predicate act under RICO.[1] Acura-West has since demonstrated that Auto Enterprises was incorrect on this point of law. Acura-West therefore argued in support of its motion for summary judgment– and now argues in its motion for reconsideration– that the Court's finding of no direct evidence of a misrepresentation by Acura-West to Auto Enterprises constitutes the law of the case and should bar Auto Enterprises' RICO claim.

_____

[1]Notably, the Court heard the parties' arguments with respect to the motion for directed verdict without the benefit of written briefs.

3

Pursuant to the law-of-the-case doctrine, " 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' " *Christianson v. Colt Indus. Oper'g Corp.*, 486 U.S. 800, 815-16, 108 S. Ct. 2166, 2177 (1988)(quoting *Arizona v. California*, 460 U.S. 605, 618, 103 S. Ct. 1382, 1391 (1983)). As the Supreme Court explained, "[t]his rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Id*. at 816, 108 S. Ct. at 2177 (citation omitted). The doctrine, however, merely expresses a preferred practice rather than a limit on a court's power: "A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Id*. at 817, 108 S. Ct. at 2178 (quoting *Arizona v. California*, 460 U.S. at 618 n.8, 103 S. Ct. at 1391 n.8).

Some Circuit Courts limit a court's discretion to deviate from prior decisions to circumstances where there is substantially different evidence at a subsequent trial, new controlling authority, or the prior decision was clearly erroneous. *See, e.g., Handi Inv. Co. v. Mobil Oil Corp.*, 653 F.2d 391, 392 (9th Cir. 1981); *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967). Pursuant to Sixth Circuit law, however, it is within the sole discretion of a court to determine if a prior ruling should be reconsidered. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990). As the court stated in *Todd*:

We note that other courts have limited a court's discretion to

> revisit issues previously decided by another court . . . We do
> not think that such limitations are warranted.  It is within the
> sole discretion of a court to determine if a prior ruling should
> be reconsidered.  Thus, we decline to impose any conditions
> or limitations upon a court's power to review a prior ruling of
> another court.

*Id*.  In that case, the Sixth Circuit held that the trial court was not bound by evidentiary

rulings made by another court at a prior trial which resulted in a mistrial.  As the Sixth

Circuit stated, while the law-of-the-case doctrine can be applied to rulings made in a case

that ends in a mistrial, the court in the second trial "retains the power to reconsider

previously decided issues as they arise in the context of a new trial."  *Id*. at 404.

      The Court's ruling that Auto Enterprises had not presented any evidence of a direct

misrepresentation by Acura-West was based, in part, on this Court's recollection of the

evidence introduced at the trial and on Auto Enterprises' argument that "[t]he

misrepresentation was Mr. Leon sending a fax through the mail saying that GST was

paid."  *See* Tr. 12/17/03 at 208.  As the Court indicated at the time, it did not believe that

fact was a basis for a misrepresentation claim.  Auto Enterprises now argues that the

"direct" misrepresentation was Leon's misrepresentation to Philip Trupiano and William

Luther that Acura-West was collecting GST on the parties' transactions which

presumably would be remitted to the Canadian Government, when in fact, Acura-West

and Leon intended to treat the parties' transactions as zero-rated purchases pursuant to

which no GST is collected.[2] To the extent there was evidence to support that this

misrepresentation was made and that this was the argument Auto Enterprises' counsel

was attempting to make, the Court erred in concluding that there was no direct evidence

of misrepresentation.[3]

Should Acura-West move for a directed verdict in the upcoming trial on the basis

that Auto Enterprises has not introduced evidence of direct misrepresentation to permit a

jury verdict on its RICO claim, the Court will evaluate the proofs as they exist at the time

such motion is made. The Court does not believe the law-of-the-case doctrine should bar

Auto Enterprises' RICO claim. As the *Todd* court stated, the Court retains the power to

reconsider previously decided issues as they arise in the context of a new trial.

The Court therefore finds that Acura-West has failed to demonstrate a palpable

defect in its November 10, 2005 Opinion and Order.

---

[2]Although Auto Enterprises did not make this specific argument in response to
Acura-West's motion for directed verdict, its counsel did state that ". . . the point is that
we relied on the fact that he [Leon] was sending the money into the Government, because
he represented - - ." *See* Tr. 12/17/03 at 210.

[3]The Court does not recall whether or not such evidence was introduced; however,
that is not significant to this Court's ruling. Even if such evidence was not introduced at
the prior trial, Auto Enterprises would not be precluded from introducing such evidence
in the upcoming trial. *See Todd*, *supra*.

**Certification of Appeal**

28 U.S.C. § 1292(b) governs Acura-West's request for immediate appellate

review.  That section provides in part:

> When a district court, in making in a civil action an order not
> otherwise appealable under this section, shall be of the
> opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of
> opinion and that an immediate appeal from the order may
> materially advance the ultimate termination of the litigation,
> he shall so state in writing in such order.

28 U.S.C. § 1292(b).  The Court of Appeals, in its discretion, may then permit an appeal

to be taken if application to appeal is made to it within ten days after the district court's

order.  *Id*.  An appeal pursuant to Section 1292(b) does not stay proceedings in the district

court unless the district court or the court of appeals so orders.  *Id*.

A party seeking permission to appeal an order pursuant to Section 1292(b) must

show the following: 1) the question involved is one of law; 2) the question is controlling;

3) there is substantial ground for difference of opinion respecting the correctness of the

district court's decision; and 4) immediate appeal would materially advance the ultimate

termination of the litigation.  *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir.

1993)(per curiam)(citing *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444, 446 (6th

Cir. 1974)).  As the Sixth Circuit advised in *Vitols*, review under Section 1292(b) "should

be sparingly granted and then only in exceptional cases."  *Id*. at 170 (citing *Kraus v. Bd.

of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)); *see also In re City of

Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

Acura-West presents no argument to support its request for immediate, interlocutory appeal. In any event, the Court does not believe that there is a substantial ground for difference of opinion with regard to the correctness of its November 10, 2005, decisions.[4] Additionally, as the Court previously stated in this case, an immediate appeal will not materially advance the ultimate termination of this litigation: "This case has been pending since 1999, discovery is complete, the parties are ready for trial, and the parties state that the second trial only will take about four days. Thus a final resolution of this case in this Court most likely will occur before any interlocutory appeal could be heard and decided." 12/17/04 Op. and Order.

Accordingly,

**IT IS ORDERED**, that Acura-West's Motion for Reconsideration of Summary Judgment Order Dated November 10, 2005 and/or Certification of Issues for Appeal is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo, Esq.
Timothy D. Wittlinger, Esq.

_____

[4]With respect to collateral estoppel and comity, the Court notes that one of Acura-West's strongest arguments was that an appeal of the Tax Court of Canada's decision was pending. However the Canadian appellate court affirmed the tax court's decision on October 13, 2005, therefore rendering Acura-West's argument moot. *See* Auto Enterprises' Resp. Ex. B.