UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Plaintiffs,        Case No. 99-75615

v.        Honorable Patrick J. Duggan

AUTO ENTERPRISES, INC., WILLIAM
LUTHER, and PHILIP TRUPIANO,

        Defendants.
_____/

AUTO ENTERPRISES, INC.,

        Counter-Plaintiff,

v.

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Counter-Defendants.
_____/

**OPINION AND ORDER DENYING COUNTER-DEFENDANT GREGORY
LEON'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING
ALLEGED CRIMINAL OR FRAUDULENT CONDUCT**

    In the pending motion, Counter-Defendant Gregory Leon ("Leon") seeks to preclude Counter-Plaintiffs (collectively "Auto Enterprises") from introducing at trial evidence regarding criminal or fraudulent conduct by Leon. According to Leon, Auto Enterprises

1

intends to indicate to the jury during the second trial on Auto Enterprises' claim under the Racketeer Influence Corrupt Organizations Act ("RICO") that Leon's actions "were criminal or fraudulent in order to paint Leon as a 'crook' and not trustworthy of being believed." *See* Mot. at 1. Specifically, Leon refers to the Canadian government's initiation of criminal proceedings against Acura West that subsequently were aborted and never reinstituted. Leon argues that this evidence is inadmissible pursuant to Rules 401-404 and 608-609 of the Federal Rules of Evidence.

The parties have stipulated that "[t]here will be no reference in the trial to the dismissed criminal proceedings . . ." *See* 12/22/05 Second Am. Joint Final Pretrial Order Governing Second Trial ¶ 6B. With respect to evidence of fraudulent conduct by Leon– whether that conduct relates to Leon's alleged misrepresentations to Auto Enterprises or misrepresentations to the Canadian Government during its investigation concerning the parties' activities– the Court finds that such evidence is relevant and admissible pursuant to Rules 401 through 404 of the Federal Rules of Evidence.

The predicate act underlying Auto Enterprises' RICO claim against Leon is wire fraud. According to Auto Enterprises, Leon misrepresented to Auto Enterprises that Acura West was collecting GST on the vehicle sales which would be remitted to the Canadian government and then falsely told the Canadian government that Acura West did not collect GST on the sales. Auto Enterprises claims that these misrepresentations led it to seek rebates from the Canadian government and led the Canadian government to withhold Auto Enterprises' rebates because it suspected that they were being fraudulently sought. Clearly,

therefore, evidence of Leon's fraudulent conduct is not only relevant, it is critical to Auto Enterprises' proofs. While Leon has stipulated to his fraudulent conduct for purposes of the trial, Auto Enterprises must explain that conduct in order for the jury to assess whether the conduct proximately caused Auto Enterprises' injury– the Canadian government's withholding of its GST rebates.

Evidence that Leon engaged in fraudulent conduct with respect to Acura West's vehicle sales to Auto Enterprises is the factual basis for Auto Enterprises' pending claim. It is not evidence of *other* crimes, wrongs, or acts. It does not show how Leon acted on prior occasions to suggest that he acted in conformity therewith. Auto Enterprises is presenting the evidence to prove its claim, not to attack Leon's credibility. Leon has not been convicted of a crime with respect to that conduct. Therefore the Court finds that the evidence is not precluded under Rules 404, 608, or 609 of the Federal Rules of Evidence.

Accordingly,

**IT IS ORDERED**, that Gregory Leon's Motion in Limine to Exclude Testimony Regarding Alleged Criminal or Fraudulent Conduct is **DENIED**.

PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Sheri Cataldo, Esq.
Elizabeth C. Jolliffe, Esq.
Timothy D. Wittlinger, Esq.