UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Plaintiffs,

v.

AUTO ENTERPRISES, INC., WILLIAM
LUTHER, and PHILIP TRUPIANO,        Case No. 99-75615

        Defendants.        Honorable Patrick J. Duggan
_____/

AUTO ENTERPRISES, INC.,

        Counter-Plaintiff,

v.

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Counter-Defendants.
_____/

**OPINION AND ORDER DENYING COUNTER-DEFENDANT GREGORY
LEON'S MOTION IN LIMINE TO EXCLUDE CLARK AND SUGA
TESTIMONY REGARDING CONFIDENTIAL INFORMATION**

In the pending motion, Counter-Defendant Gregory Leon ("Leon") seeks to

preclude Counter-Plaintiffs (collectively "Auto Enterprises") from introducing at trial

Margaret Clark's and Andrew Suga's testimony regarding "confidential" information.

1

Ms. Clark and Mr. Suga are officials of the Canadian Customs and Revenue Agency ("CCRA"), the agency which investigated Acura West's failure to submit the Goods and Services Taxes ("GST") at issue in this litigation. For the reasons that follow, the Court will deny Leon's motion.

Pursuant to Section 295 of Canada's Excise Tax Act, except under limited circumstances, CCRA employees may not divulge "confidential information." Section 295 defines "confidential information" as "information of any kind and in any form that relates to one or more persons and that is (a) obtained by or on behalf of the [CCRA] Minister for purposes of this Part, or (b) prepared from information referred to in paragraph (a)." *See* Resp. Ex. 1. Auto Enterprises indicates, however, that it only seeks to present Ms. Clark's and Mr. Suga's testimony with respect to the same subject matter they testified to in the tax trial in Canada, testimony which now is part of a public record. *See id*. at 1. Auto Enterprises therefore argues that the information no longer is confidential.

This Court agrees. After the CCRA assessed taxes against Acura West for unpaid GST, Acura West filed an appeal in the Canada Tax Court. During the ensuing trial on appeal, Ms. Clark and Mr. Suga testified in open court. Their testimony became part of the public record in the Tax Court. Obviously once confidential information is included in a public record, it no longer can be considered confidential.

Accordingly,

**IT IS ORDERED**, that Gregory Leon's Motion in Limine to Exclude Clark's and

Suga's Testimony Regarding Confidential Information is **DENIED**.

                                        PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Sheri Cataldo, Esq.
Elizabeth C. Jolliffe, Esq.
Timothy D. Wittlinger, Esq.