UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Plaintiffs,        Case No. 99-75615

v.        Honorable Patrick J. Duggan

AUTO ENTERPRISES, INC., WILLIAM
LUTHER, and PHILIP TRUPIANO,

        Defendants.
_____/

AUTO ENTERPRISES, INC.,

        Counter-Plaintiff,

v.

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

        Counter-Defendants.
_____/

**OPINION AND ORDER DENYING COUNTER-DEFENDANT GREGORY LEON'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, MOTION IN LIMINE REGARDING PAROL EVIDENCE OF MISREPRESENTATION**

This lawsuit arose from Counter-Defendants' (collectively "Acura West") sale of automobiles to Counter-Plaintiffs (collectively "Auto Enterprises"), which Auto Enterprises imported into the United States, and Auto Enterprises' application and receipt of refunds or

1

rebates from the Canadian Government for Goods and Services Taxes that Acura West claimed they never collected on those sales. Presently before the Court is Counter-Defendant Gregory Leon's motion for summary judgment or, alternatively, motion in limine regarding parol evidence of misrepresentation. Specifically, Leon contends that, due to the integration clause on the reverse side of the invoices governing the parties' transactions, Auto Enterprises is not able to present any evidence of an oral misrepresentation to establish wire fraud– the predicate act supporting Auto Enterprises' claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). For the reasons that follow, Leon's motion is denied.

Michigan follows the parole evidence rule which bars extrinsic evidence to contradict the terms of a written contract that is intended to be the final and complete expression of the parties' agreement. *Cook v. Little Caesar Enter., Inc.*, 210 F.3d 653, 656 (6th Cir. 2000). Acura West's alleged misrepresentation, however, actually is contained in the invoices which now are deemed to be the "true invoices" with respect to the parties' transactions. Those invoices reflect that Auto Enterprises paid Goods and Services Taxes ("GST") to Acura West on the vehicle sales. *See* Mot. Ex. A. It is Auto Enterprises' theory– which notably now is stipulated to by the parties[1]– that Leon represented that GST was being collected and would be remitted to the Canadian Government; thereby allowing Auto Enterprises subsequently

---

[1]As Auto Enterprises points out in its response brief, Acura West has stipulated to all elements of Auto Enterprises' RICO claim except proximate cause, injury, and damages. *See* 12/22/05 Second Am. Joint Final Pretrial Order ¶ 34.

2

to seek a rebate. Any misrepresentations by Leon prior to the execution of the agreement with respect to GST that Auto Enterprises would seek to introduce to prove its theory would not contradict the representation on the invoices that GST was paid.

Accordingly,

**IT IS ORDERED**, that Gregory Leon's Motion for Summary Judgment or, Alternatively, Motion in Limine Regarding Parol Evidence of Misrepresentation is **DENIED**.

                                         PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Sheri Cataldo, Esq.
Elizabeth C. Jolliffe, Esq.
Timothy D. Wittlinger, Esq.