UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

       Plaintiffs,

v.

AUTO ENTERPRISES, INC., WILLIAM
LUTHER, and PHILIP TRUPIANO,

       Defendants.                     Case No. 99-75615
_____/
                                             Honorable Patrick J. Duggan

AUTO ENTERPRISES, INC.,

       Counter-Plaintiff,

v.

800537 ONTARIO INC., d/b/a ACURA-
WEST and GREGORY LEON,

       Counter-Defendants.
_____/

**<u>OPINION AND ORDER REGARDING BILLS OF COSTS</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 20, 2006.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
               U.S. DISTRICT COURT JUDGE

This lawsuit arose from Acura-West's sale of automobiles to Auto Enterprises,

which Auto Enterprises imported into the United States, and Auto Enterprises'

1

application and receipt of refunds or rebates from the Canadian Government for Goods and Services Taxes ("GST") that Acura-West claims it never collected on those sales. Gregory Leon is the owner of Acura-West; Philip Trupiano and William Luther own Auto Enterprises. Presently before the Court is an Amended Bill of Costs filed by Gregory Leon on July 17, 2006[1], and a Bill of Costs filed by Auto Enterprises on July 20, 2006.

On November 19, 1999, Acura-West and Gregory Leon (collectively "Acura-West") filed a complaint against Auto Enterprises, William Luther, and Philip Trupiano (collectively "Auto Enterprises") alleging the following claims arising from the transactions between the parties: violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; breach of contract; fraudulent, negligent and/or innocent misrepresentation; and unjust enrichment. Auto Enterprises filed a counter-complaint against Acura-West alleging, *inter alia*, violations of RICO and breach of contract.

On December 11, 2003, a jury trial commenced on Acura-West's claims against Auto Enterprises for RICO violations and breach of contract and Auto Enterprises' counter-claims against Acura-West for RICO violations and breach of contract.[2] On December 18, 2003, the jury reached a verdict. With respect to Acura-West's RICO

---

[1]Leon filed an initial Bill of Costs on July 6, 2006.

[2]The Court previously dismissed the parties' other claims.

claims, the jury found Auto Enterprises liable and awarded Acura-West damages in the amount of $317,366. The jury concluded that Auto Enterprises was not liable to Acura-West for breach of contract. With respect to Auto Enterprises' RICO counterclaims, on the verdict form the jury answered "yes" as to whether Acura-West violated each element of RICO, but awarded Auto Enterprises no damages. The jury rejected Auto Enterprises' breach of contract claim.

On January 6, 2004, Auto Enterprises filed a motion seeking a new trial pursuant to Rules 49 and 59 of the Federal Rules of Civil Procedure, arguing that the jury's verdicts with respect to the parties' RICO claims were inconsistent. This Court agreed and, in an opinion issued on May 21, 2004, granted Auto Enterprises' motion for new trial with respect to those claims. Acura-West filed a motion for reconsideration and/or certification for appeal on June 10, 2004. On July 7, 2004, this Court denied the motion.

Thereafter, Auto Enterprises filed a motion for summary judgment with respect to Acura-West's RICO claim. In light of the Tax Court of Canada's ruling that Acura-West had collected GST on its transactions with Auto Enterprises, the Court granted Auto Enterprises' motion and dismissed Acura-West's only remaining claim in an opinion and order issued on November 4, 2004. Acura-West filed a motion for reconsideration and/or certification for appeal on November 16, 2004, which this Court denied on December 17, 2004.

Auto Enterprises' RICO allegation against Acura-West proceeded to trial on June 19, 2006, although against Gregory Leon only pursuant to a stipulation of the parties. On

June 22, 2006, a jury reached a verdict in favor of Leon.  Judgment was entered against Auto Enterprises on its complaint against Gregory Leon on June 22, 2006.

Because Auto Enterprises, William Luther, and Philip Trupiano were granted a summary judgment on November 4, 2004, they are the prevailing party with respect to Acura-West's claims against them.  Gregory Leon was the prevailing party with respect to Auto Enterprises' claim against him as a result of the jury verdict in his favor.  As a prevailing party, Gregory Leon filed a Bill of Costs on July 6, 2006, and an Amended Bill of Costs on July 17, 2006.  Leon seeks $213,774.56.  Auto Enterprises filed its Bill of Costs on July 20, 2006, seeking $139,254.08.  Both parties have filed objections to the other party's requests.

## Gregory Leon's Amended Bill of Costs

## Fees of the Clerk

Leon requests reimbursement for $245 in Fees of the Clerk.  According to his Bill of Costs, this amount is comprised of the $150 filing fee, $75 in "motions fees," and $40 in "trial fees."  As Auto Enterprises correctly notes, this Court does not assess fees for filing motions or "trial" fees."  Leon, however, is entitled to an award for the $150 he paid as a filing fee.

## Court Reporter Fees

Pursuant to the Court's "Bill of Costs Handbook," fees of the court reporter for all or any part of a transcript are recoverable if the transcript was (a) procured at the direction of the court; (b) ordered for appeal purposes; (c) prepared pursuant to stipulation of the

parties with the agreement to tax as costs; (d) used at trial to impeach witness(es); or (e) used in support of a motion. Court reporter fees for attendance and travel for depositions also are taxable. When a transcript was used in support of a motion, the party seeking to recover the cost of the transcript must provide the title of the motion and the approximate date the motion was filed. If the transcript was used at trial, the date the transcript was read into the record must be noted on the documentation submitted in support of the party's request for costs.

In his Bill of Costs, Leon requests $14,676.65 in court reporter fees. These fees relate to transcripts for the following individuals: A. Pinder and M. Pinder, David Sherman, William Millar, Brian Osler, John Yates, William Luther, Karen Bailey, Jake Sydorowicz, Claus Lukner, Philip Trupiano, and Gregory Leon. Leon, however, fails to indicate how these transcripts were used. While Auto Enterprises informs the Court that Acura-West used two or three pages from Trupiano's deposition transcript to cross-examine him during trial, Leon has submitted several invoices referencing transcripts for this individual. Leon has not informed the Court as to how and when he utilized Trupiano's deposition transcript, as required; nor has he told the Court which transcript he used. As the party seeking costs bears the burden of providing the required receipts or other documentation necessary to support its bill of cost, the Court concludes that Leon is not entitled to recover the court reporter fees requested.

## Fees for Witnesses

Leon requests costs in the amount of $198,692.91 for the fees related to his expert

witnesses. As Leon prevailed at the second trial with respect to Auto Enterprises'
counter-claim, the Court believes he is entitled to his costs at the first trial. However the
Bill of Costs Handbook provides, as Auto Enterprises argues, that compensation paid to
an expert witness in excess of the statutory fees are not taxable against the losing party.
Citing *Murphy v. Int'l Union of Operating Eng'rs, Local 18*, 774 F.2d 114, 133 (6th Cir.
1985), Leon contends that expert witness fees may be awarded as costs where the expert's
testimony is indispensable to the resolution of the case. That decision, however, predates
the Supreme Court's ruling in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, "that a federal
court may tax expert witness fees in excess of the [$40]-per-day limit set out in [28
U.S.C.] § 1821(b) *only when the witness is court-appointed*." 482 U.S. 437, 442, 107 S.
Ct. 2494, 2498 (1987) (emphasis added). The only other expert witness costs Leon
submits that the Court may tax against Auto Enterprises pursuant to 28 U.S.C. §§ 1920
and 1821 are the costs associated with his witnesses' subsistence and mileage: totaling
$1,939.50. Thus the only costs taxable against Auto Enterprises with respect to Leon's
experts are the $40 statutory fee for their attendance at trial, their mileage, and
subsistence, totaling $2,219.50.

## Service Fees

Leon seeks $160 in fees for service. As the invoices Leon submits indicate,
however, most of the fees relate to the service of the summons and initial complaint on
Defendants World Imports U.S.A., Inc., Claus Lukner, and Jake Sydorowicz (collectively
"the World Imports Defendants"). The World Imports Defendants are not related to Auto

Enterprises, Philip Trupiano, or William Luther. Early in the litigation, this Court held

that it lacked personal jurisdiction over those defendants and dismissed Acura-West's and

Leon's claims against them. The Court does not believe that Auto Enterprises should

bear the costs of service related to the World Imports Defendants. Accordingly, the Court

concludes that Leon only is entitled to the cost of serving Auto Enterprises, William

Luther, and Philip Trupiano, which Leon's invoices reflect was $75.

### Auto Enterprises' Bill of Costs

### Court Reporter Fees

Auto Enterprises seeks $1,497.80 in court reporter fees. According to Auto

Enterprises, these fees reflect the following:

> •Costs of the deposition transcripts of A. Pinder and M.
> Pinder offered into evidence at the first trial.
>
> •Costs of the deposition transcripts of Philip Trupiano and
> William Luther used in support of its September 22, 2003,
> response to Acura-West's motion for summary judgment.
>
> •Cost of the deposition transcript of Gerald Hepp used in
> support of its September 15, 2003, response to Acura-West's
> motion in limine to exclude expert testimony and reports.
>
> •Costs of the December 15, 2003, trial transcript used in
> support of its September 10, 2004, response to Acura-West's
> motion for summary judgment.

*See* Bill of Costs, Ex. A. The Pinder transcripts were used at the first trial. The testimony

in those transcripts, however, played no part in the Court's decision to grant summary

judgment to Auto Enterprises. Therefore, the costs of those transcripts will not be taxed

against Acura-West. The transcripts from Trupiano's and Luther's depositions and the trial transcript from December 15, 2005, related to Auto Enterprises counterclaim against Acura-West. Because Auto Enterprises was not the prevailing party with respect to the counterclaim, the Court concludes that the costs of those transcripts should not be taxed against Acura-West. Similarly, because Auto Enterprises did not prevail with respect to its counterclaim, the expense of the transcript from Gerald Hepp's deposition will not be taxed against Auto Enterprises.

## Fees for Witnesses

Auto Enterprises has submitted $137,756.28 in costs related to its expert witnesses. These costs reflect only the attendance fees for the witnesses at the first trial. As Auto Enterprises did not prevail at the first trial and the experts' testimony was not used in support of Auto Enterprises' motions for summary judgment that resulted in the dismissal of Acura-West's claims, *see supra*, the Court holds that Auto Enterprises is not entitled to an award of costs for their appearance. Moreover, the Court notes that it only would be able to tax expert witness fees against Acura-West for those witness in accordance with the per-day limit set out in Sections 1821(b) and 1920.[3]

## Conclusion

For the reasons set forth above, the Court taxes costs against Auto Enterprises in

---

[3]In light of Auto Enterprises' argument that witness fees cannot exceed the statutory amount, the Court finds it difficult to understand why Auto Enterprises would seek witness fees exceeding the statutory limit.

favor of Gregory Leon in the amount of $2,444.50. This amount reflects the following

costs: a $150 filing fee; a $2,219.50 witness fee; and a $75 service fee. The Court rejects

Auto Enterprises' requested costs and will not tax any costs against Acura-West.

**SO ORDERED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Sheri B. Cataldo, Esq.
Timothy D. Wittlinger, Esq.